**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

FREDERICK PENNINGTON, JR.
ADC # 71305                                                                                                    PLAINTIFF

V.                                            5:06CV00144 HDY

CORRECTIONAL MEDICAL SERVICES                                              DEFENDANTS

**ORDER**

On appeal to the Eighth Circuit Court of Appeals are three Orders entered by the court in this case: the denial of Plaintiff's motion for declaratory judgment and motion for default judgment; the revocation of Plaintiff's *In Forma Pauperis* status on the grounds that he was a three-striker not in imminent danger, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g); and the denial of Plaintiff's recent motion for reimbursement challenging the Arkansas Department of Correction's debit of his inmate account for the payment of filing fees. The Court of Appeals has remanded to this court the issue of determining Plaintiff's *In Forma Pauperis* status and assessment of appellate filing fees as to this most recent Notice of Appeal (docket entry # 105). The defendants have filed a "Response" (docket entry #112) to that order, objecting to Plaintiff being considered for *In Forma Pauperis* status on appeal, while Plaintiff has submitted a letter to this court (docket entry #113) in which he appears to be trying to negotiate down the amount of filing fees he owes in this case.

Plaintiff's claims in the instant case concerned an alleged denial of medical treatment for Hepatitis C, as well as other allegations that were not cognizable under 42 U.S.C. § 1983. The

1

undersigned recommended that Plaintiff be allowed to proceed with only those claims related to deliberate indifference on the part of Defendant Correctional Medical Services, and granted Plaintiff leave to proceed *in forma pauperis* notwithstanding his status as a three-striker, because of his allegations of imminent danger.

There is no question that Plaintiff is a three-striker: Since 1988, Plaintiff has filed at least forty-one separate lawsuits, thirty-seven concerning the conditions of his confinement. In that time, Plaintiff has had six prior complaints dismissed for failure to state an actionable § 1983 claim;[1] one claim that was dismissed as frivolous;[2] one claim dismissed for failure to prosecute, thus making that filing frivolous;[3] another claim dismissed for failure to exhaust administrative remedies;[4] and sixteen claims that were dismissed based on Plaintiff's prior three strikes.[5]

---

[1] *See Pennington v. State of Arkansas*, 5:93CV00145; *Pennington v. Cauley*, 4:97CV00935; *Pennington v. Brownlee*, 5:99CV00184; *Pennington v. Norris*, 5:99CV00225; *Pennington v. Pryor*, 4:00CV00748; and *Pennington v. Harmon*, 5:01CV00034.

The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim *in forma pauperis*. *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes); *see also Ayers v. Norris*, 43 F. Supp.2d 1039, 1044 n.4 (E.D. Ark. 1999) (stating that Section 1915(g)'s three strike provision does not have an impermissible retroactive effect; court properly counted four of inmate's pre-PLRA *in forma pauperis* complaints as strikes that had been dismissed as frivolous).

[2] *See Pennington v. Arkansas Department of Correction*, 5:91CV00455.

[3] *See Pennington v. Bayon*, 2:00CV00095 (failure to respond to Court order).

[4] *See Pennington v. Oglesby*, 5:96CV00281.

[5] *See Pennington v. McCormack*, 4:98CV00577; *Pennington v. Handcock*, 2:99CV00147;

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).  *See also McAlphin v. Toney,* 281 F.3d 709 (8th Cir. 2002)(emphasizing that, to qualify for the imminent danger exception to the three-strikes provision, a plaintiff must allege facts establishing that he or she was in imminent danger of serious bodily injury at the time of filing the complaint).

Defendant Correctional Medical Services was served by the U.S. Marshal's office on August 14, 2006 (docket entry #36) and their attorney entered an appearance and filed a Motion to Dismiss on August 28, 2006 (docket entry #41).  Notwithstanding that Correctional Medical Services was not served with notice of the proceedings until August 14th, Plaintiff filed several motions for default judgment against them on the grounds that, because Correctional Medical Services had not responded to the Partial Recommended Disposition entered on June 13, 2006, they had waived any defenses to his claims and he was therefore entitled to judgment against them for several million

---

*Pennington v. Evans*, 2:00CV00093; *Pennington v. Johnson*, 4:00CV00749; *Pennington v. Brewer*, 5:00CV00383; *Pennington v. Toney*, 5:00CV00390; *Pennington v. Toney*, 5:00CV00437; *Pennington v. Gibson*, 4:00CV00965; *Pennington v. Gibson*, 4:01CV00040; *Pennington v. Clinton*, 4:01CV00059; *Pennington v. Norris*, 5:01CV00040; *Pennington v. Mars*, 4:01CV00107; *Pennington v. Norris*, 5:01CV00053; *Pennigton v. Norris*, 5:01CV00138; *Pennington v. Toney*, 5:02CV00178; and *Pennington v. Cearley Law Firm*, 5:04CV00039.

3

dollars. Plaintiff's motions were denied (several times) and he filed a Notice of Appeal and Motion for Leave to Appeal *In Forma Pauperis* (docket entries ##53-54). Leave to appeal *in forma pauperis* was denied by this Court (docket entry #57) because the Order from which he appealed was not a final, appealable order. Therefore, this Court found that an appeal of that Order would not be taken in good faith, relying upon Federal Rule of Appellate Procedure 24(a)(3)(A).

When leave to appeal *in forma pauperis* was denied, Plaintiff's next step would have been to either pay the $455.00 appellate filing fee up front to the Court of Appeals, or petition that court for leave to appeal *in forma pauperis*. Plaintiff sought leave to appeal *in forma pauperis* and on October 16, 2006, the Court of Appeals notified this court and the parties that the appeal had been referred to a panel of the judges for review (docket entry #73).

Meanwhile, this Court proceeded with the issue before it and held a hearing on Defendant's Motion to Dismiss on October 23, 2006 (docket entry #41). Defendant argued that Plaintiff's original *in forma pauperis* application should be revoked because he was not in "imminent danger" as required by the three-strikes provision. On October 27th this Court granted Defendant's motion, finding that Plaintiff's desire for more aggressive antiviral therapy for his Hepatitis C was neither warranted nor even in his best interest and revoking the previous grant of *in forma pauperis* status because Plaintiff was not in imminent danger as a result of this disagreement with treatment.

On November 13, 2006, the Eighth Circuit Court of Appeals dismissed Plaintiff's appeal of the denial of default judgment as premature. The Court apparently did not assess any filing fees against Plaintiff for this appeal. *See Pennington v. Kelley et al.*, case no. 06-3543 (8th Cir. Nov. 13, 2006).

On November 17, 2006, Plaintiff filed a Notice of Appeal and Application for Leave to

Appeal *In Forma Pauperis* of the Order and Judgment entered revoking his *in forma pauperis* status and dismissing his claims (docket entry ## 88-89).  Although the Judgment stated that this Court found an appeal of the decision would not be taken in good faith, when Plaintiff did appeal this Court granted *in forma pauperis* status (docket entry #94) because of the nature of the decision, which terminated the underlying claims based on a finding that Plaintiff was not in imminent danger. That appeal is currently before the Eighth Circuit in *Pennington v. Kelley et al.*, case number 06-4008.

Meanwhile, Plaintiff filed a Motion for Reimbursement (docket entry #101) in this case with this Court, arguing that the Arkansas Department of Correction officials had collected too much money from his inmate trust account, taking over $21 from a $25.00 gift from his aunt, for the payment of filing fees.  In an Order dated August 24, 2007 (docket entry #103) this Court denied Plaintiff's motion, noting that he had accrued filing fee charges in a number of different cases and currently owed this Court and the Eighth Circuit Court of Appeals $3,807.29 for filing fees, including $805.00 for this case alone (and not including the $455 he owes for the instant appeal). In the instant case, and in fifteen others for which Plaintiff owes filing fees, the following Order was entered: "Upon payment of the initial partial filing fee, Plaintiff will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to Plaintiff's prison trust account each time the amount in the account exceeds $10.00.  Plaintiff's custodian is requested to send the Clerk of the Court the initial partial filing fee, and thereafter the monthly payments from Plaintiff's prison trust account when the amount exceeds $10.00, until the statutory filing fee is paid in full.  28 U.S.C. § 1915(b)(2)."

Plaintiff then filed a Notice of Appeal to the Court of Appeals on August 28th, appealing the

Order denying his Motion for Reimbursement and arguing that the Arkansas Department of Correction was entitled to take only 20% of the $15.00 ($25.00 - $10.00 not subject to deduction for filing fees) from his aunt's gift, and apply that $3.00 to the "totality" of his filing fees, not 20% of his inmate trust account exceeding $10.00 toward each of his sixteen cases with filing fees due.

The Court of Appeals entered an Order on September 4, 2007 (docket entry #109) remanding to this Court the limited issue of determining Plaintiff's *in forma pauperis* status as to this August 28th appeal, and assessing appellate filing fees if *in forma pauperis* status was granted. The Defendant then filed a "Response" (docket entry #112) that objects to the grant of pauper status on this most recent appeal. Defendants argue that this Court erred in granting Plaintiff *in forma pauperis* status on his appeal of the October 2006 Order revoking his *in forma pauperis* status and finding he was not in imminent danger. "Unfortunately," Defendant notes, "Plaintiff received *in forma pauperis* status on appeal and the appeal is still pending . . . ." Defendant request that, "if it is possible, the Court reconsider its prior decision to grant *in forma pauperis* status relating to the final judgment and instead issue a new order *nunc pro tunc* denying Plaintiff's motion to proceed *in forma pauperis* on appeal."

Plaintiff has responded to this with a "Letter to the Court" (docket entry #113). To the extent that the undersigned can decipher Plaintiff's pleading, it appears that he is asking that this Court unilaterally waive most of the appellate filing fees assessed in this case, settle with him for $105 total in appellate filing fees (because all the issues in his three appeals are "basically about the same issue"; $105 was last the appellate filing fee back in 2003 before it was increased to $255, and now to $455), and return to him the $21.30 he contends that Arkansas Department of Correction improperly took from his aunt's $25.00 gift.

6

This Court does not have the jurisdiction nor the authority to satisfy either party's request.

The Defendants seems to be under the impression that if this Court had denied Plaintiff leave to appeal *in forma pauperis* of the order revoking his *in forma pauperis* status at the district court level (or could now, *nunc pro tunc*), the appeal of that final judgment would be dismissed. That is not the case. First, granting leave to appeal *in forma pauperis* of the issue whether a three-striker is under imminent danger was appropriate, given the nature of the underlying issue. There have certainly been occasions when the district court's determination of what amounted to "imminent danger" has been reversed. *See e.g., Ashley v. Dilworth*, 147 F. 3d 715 (8th Cir. 1998). Reasonable minds could disagree as to this Court's finding on the issue whether this situation amounted to "imminent danger." Second, even if the district court denies leave to appeal *in forma pauperis*, the party is simply directed to re-submit his application to the Eight Circuit Court of Appeals for their consideration whether he is entitled to pauper status. The grant or denial of an *in forma pauperis* application by the district court has no impact on the effect of a filing of a Notice of Appeal to a circuit court of appeals. Oftentimes the Court of Appeals withholds ruling on the *in forma pauperis* on appeal application until after a decision has been reached on the merits; only then does it remand the issue to the district court for the assessment and collection of the appellate filing fee.

And, even when (as here in this case where Plaintiff appealed this Court's denial of his motions for default judgment) the appeal is clearly premature, the district court has no authority to dismiss that Notice of Appeal, no matter how untimely it may be, once jurisdiction of the issue has vested in the Court of Appeals by the filing of the notice of appeal. *See* FED.R.APP.PROC. 24(b)(5).

As to Plaintiff's suggestion in his letter to this Court that we make a deal by settling for $105 in appellate filing fees for the entire case, and grant him the relief he sought and was denied in his

Motion for Reimbursement, this Court cannot grant Plaintiff the relief he seeks. Filing fees are non-negotiable and the Court cannot enter into "settlements" with a party of the issues or the costs.

Lastly remains the issue set forth by the Court of Appeals for our consideration: Is Plaintiff, a three-striker, entitled to leave to appeal *in forma pauperis* of the denial of his Motion for Reimbursement? Certainly Plaintiff has raised an interesting question as to how the 20% of his inmate fund over and above the $10 threshold is to be calculated and applied when a litigant owes multiple filing fees in multiple cases.[6] But, the issue appears to be settled in this matter given that the Order directing prison officials to forward monthly payments equaling 20% of any amount over $10.00 was entered in each of the Plaintiff's sixteen cases. Therefore, each time his account balance was greater than $10.00, the Arkansas Department of Correction should properly send to the Court for payment of each filing fee 20% of that amount. In any event, nothing about the issue on appeal suggests any facts that demonstrate he was in imminent danger of serious physical injury at the time he filed the Notice of Appeal. *See McAlphin v. Toney, supra*; *see also Ashley v. Dilworth*, *supra.*

Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff is not entitled to leave to appeal *in forma pauperis* as to the Notice of Appeal filed on August 28, 2007 (docket entry #105);

2. Therefore, in order to proceed with this action Plaintiff must, within thirty (30) days of this Order's entry date, pay to this Court the full $455.00 appellate filing and docketing fee, and

---

[6] *See e.g. Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001) for a full analysis of Prison Litigation Reform Act's filing fee provisions as well as the Eighth Circuit Court of Appeals's procedures for the assessment and collection of appellate filing fees.

he will continue to be responsible for the entire $3,807.29 he owes for other filing fees;

      3.      Plaintiff is directed to file any future documents or pleadings related to his appeal with the United States Court of Appeals for the Eighth Circuit; and

      4.      Defendant's request that this Court's previous grant of *in forma pauperis* status as to Plaintiff's appeal of the November 21, 2006 Order (docket entry #94) be revoked is DENIED (to the extent that this Court has any jurisdiction to consider that request) and Defendant too is directed to file any future documents or pleadings related to this appeal with the United States Court of Appeals for the Eighth Circuit.

      DATED this __3__ day of October, 2007.

*/s/ H. David Young*
_____
UNITED STATES MAGISTRATE JUDGE